THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEW ARK, appellants,

*v*

FRANCES SCHUH, respondent.

1. The case of *Bogert* v. *City of Elizabeth*, *12 C. E. Gr. 568*, approved.

2. The court of errors will not reconsider or review one of its own decisions at the instance of a litigant.

3. Under existing laws, a land-owner whose lands have been assessed for benefits in the making of a public improvement, and sold, by force of an unconstitutional law, can procure a re-assessment, and, consequently, he cannot now file a bill to remove the cloud of such illegal assessment and sale from his title.

On appeal from a decree of the chancellor, whose opinion is reported in *Schuh* v. *Newark, 5 Stew. Eq. 466*.

The bill in this cause was exhibited for the purpose of removing a cloud from the title of the complainant's land, such cloud consisting in a purchase made by the city of Newark of the premises in question, the same having been sold for an unpaid assessment for a city improvement.

*Mr. Henry Young,* for the appellants.

In 1871, the common council of Newark passed an ordinance

which was approved by the mayor, authorizing the paving of a portion of South Orange avenue. In accordance with the terms of this ordinance, the avenue was paved. Subsequently, on the 5th day of April, in the year 1872, an assessment of the whole amount of the costs and expenses of the said improvement was made by the city surveyor upon the lands and real estate on the line thereof. This assessment was made under the provisions of section 109 of the charter of Newark. *P. L. of 1857 p. 116.* This section provides:

" That .the whole amount of the costs and expenses of regulating, grading and paving any street, or section of a street,  *   *   *   *   shall be assessed upon the owners of lands and real estate upon the line of said street, or section of a street; and whenever such improvement shall have been made under the provisions of this act, the common council shall ascertain the whole amount of the costs and expenses of such improvement in any street or section of a street, and shall cause to be made a just and equitable assessment thereof, upon the owners of lands and real estate on the line of said street, or section of a street, by the city surveyor."

The amount assessed upon the property in question (then belonging to one Jacob Baker), was $178.19. It is not alleged in the bill that this amount was excessive; and hence, it may fairly be assumed that, however defective the legal system devised by the legislature, no greater sum was assessed upon the property of the respondent than its increased value by the reason of the improvement.

This assessment was unpaid, and on the 12th of June, 1873, the comptroller (the duly authorized officer) sold the lands in question for the amount of the assessment, to the city, for a term of fifty years; and a *certificate* of such sale was duly made and recorded, as required by law. This certificate is still held by the city, and is a lien upon the property described therein. (Section 88 of charter).

*No declaration of sale* has been issued thereon, and it should be remarked and carefully noted that only under a *declaration* of sale does a purchaser become entitled to *possession*. A certificate of sale confers no such right.

In May, 1879, more than seven years after the assessment in question had been made, the respondent purchased the land so assessed and sold, for a valuable consideration. She made this purchase with full knowledge of the city's lien, and, no doubt, was allowed a deduction by reason thereof. At any time since her purchase she might have redeemed her land from this claim, for by the charter of the city (section 92) lands sold for taxes and assessments may be redeemed at any time before a declaration of sale shall have been executed and recorded. *Bogert* v. *Elizabeth, 12 C. E. Gr. 568; Lembeck* v. *Jersey City, 4 Stew. Eq. 255; Morris Canal Company* v. *Jersey City, 1 Beas. 256; Holmes* v. *Jersey City, 1 Beas. 310; Liebstein* v. *Newark, 9 C. E. Gr. 200; Dusenberry* v. *Newark, 10 C. E. Gr. 287; Bogert* v. *Elizabeth, 10 C. E. Gr. 427; Agens* v. *Newark, 8 Vr. 415; Evans* v. *Jersey City, 6 Vr. 381; Baxter* v. *Jersey City, 7 Vr. 188; Graham* v. *Paterson, 8 Vr. 384.*

*Mr. Frank B. Allen,* for respondent.

I. The provisions of the statute under which the assessment was made were unconstitutional. *Agens* v. *City of Newark, 8 Vr. 415.*

II. A sale of the property under an assessment made under an unconstitutional law having taken place, and the premises sold to the city of Newark for the term of fifty years, and said city taken a certificate of sale therefor, such certificate of sale, with an assertion of title on the part of the city, constitutes a cloud removable by a court of equity. *Bogert* v. *City of Elizabeth, 12 C. E. Gr. 568; P. L. of 1870 p. 26; Story's Eq. Jur. 700; Rev. 1045 § 15; Graham* v. *Paterson, 8 Vr. 384; Baxter* v. *Jersey City, 7 Vr. 191; Lembeck* v. *Jersey City, 4 Stew. Eq. 255.*

The opinion of the court was delivered by

BEASLEY, C. J.

The facts of this case are admitted to be identical with those

which were presented to this court for its consideration in the case of *Bogert* v. *City of Elizabeth, 12 C. E. Gr. 568,* and the chancellor, when the matter was before him, granted the relief prayed for on the footing of that authority. It is not apparent how the propriety of that decision can, with any show of reason, be called in question. The question involved was plainly *res adjudicata,* and it is not the practice of this court to reconsider its conclusions at the instance of litigants. The decree appealed from should be affirmed.

It may not be amiss, however, to remark that no force is perceived in the argument so strongly pressed before this court, founded on the supposed hardship to municipalities ensuing from the rule of law established in the case of *Bogert* v. *City of Elizabeth.* The purchase-titles, which, according to the case referred to, may be dissolved by a direct proceeding for that purpose, do not appear to be of any value to any one. As they cannot be enforced by the city, why are they worth retaining? It is said that these lands actually benefited by the public improvements, should not be permitted to be exonerated from all part of the expense of making such improvement. This is granted—but the retention of a worthless purchase-title does not prevent that result. The truth is, the lands stand entirely disburthened from their quota of such expense so long as the *status* continues of an assessment made under an unconstitutional law, and a purchase by the city by virtue of proceedings in pursuance of such assessment, and I have never been able to see why the city should desire to preserve such a *status.* If it be true, as we are told, that considerable amounts of money due to the cities of the state are in this uncollectible condition, I think it is manifest that the cities themselves are to blame for the misfortune, for it cannot be doubted on an application to the legislature adequate relief could be obtained. Suppose a law should be enacted authorizing these municipalities to set aside, so far as unpaid or unsettled assessments for improvements are concerned, all assessments heretofore made by force of unconstitutional laws, and providing for a re-assessment with respect to such lands, on a constitutional basis, there seems to be no ground to suppose

that such an act would not apply to the lands of this complainant, as well as to the lands of all other persons similarly situated. By force of such a law, properly framed, such part of these arrearages as is justly due, could be readily collected, and the only apparent reason why the same has not been long since realized, would seem to be the supineness of those in authority in municipal affairs.

And with respect to the suggestion that these equitable suits, with respect to this class of assessments, are likely to be numerous and therefore oppressive, it is enough to say that in view of recent legislation, it is not perceived how, in the future, a bill of this nature could be upheld. The legislation to which reference is here made, is that series of acts which provides, in case lands have been illegally assessed, for proceedings of re-assessment at the instance of the owner. These laws give, therefore, to the land-owner an equitable remedy, whereby these clouds upon his title can be removed, and, consequently, upon well-settled principles, he will be compelled to resort to that course of redress, for he cannot ask a court of equity for relief, when, by paying what is justly due, he will stand in no need of such relief.

The decree should be affirmed.

*Decree unanimously affirmed.*